Cowin, J.
Country Ski and Sport, Inc. (“Country”) argues that the release signed by plaintiff absolves it of any liability for plaintiffs injuries. Plaintiff maintains that the release is unenforceable under G.L.c. 106, §2-316A:
Any language, oral or written, used by a seller or manufacturer of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer’s remedies for breach of those warranties shall be unenforceable.
Defendant contends that the above section is inapplicable as this is a sale of services, not goods.
Section 2 of the Uniform Commercial Code applies to “transactions in goods” (G.L.c. 106, §2-102). The rendition of services is not covered by the Code. White v. Peabody Constr. Co., 386 Mass. 121, 132 (1982). Here, the contract involves both the sale of goods (skis and bindings) and the rendition of services (adjustments of the bindings).
In mixed contracts, the test is whether the predominant factor, threat or purpose of the contract is the rendition of service, with goods incidentally involved or is a transaction of sale, with labor incidentally involved. See Cumberland Farms, Inc. v. Drehmann Paving & Flooring Co., 25 Mass.App.Ct. 530, 534 (1988). Here, the predominant purpose of the contract is the sale of the skis and bindings. The service provided is only incidental. The UCC applies, therefore, and, as a matter of law, the release is unenforceable. It cannot absolve the defendant of liabilüy, even for negligence, if the negligence renders the item unfit for the purpose for which it was sold. Whether there was negligence, and whether such negligence, if any, rendered the item unfit are, of course, questions of fact for the jury. The defendant’s motion for summary judgment is therefore DENIED. Because of the factual issues involved, the plaintiffs cross motion for summary judgment is also DENIED.